

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

> Re: Opinion No. O-2938
> Can the commissioners' court
> enter its order instructing the
> tax collector to issue proper
> redemption receipts for delin-
> quent taxes due Navarro County
> upon payment by the delinquent
> taxpayer of the delinquent taxes,
> penalties, interest and tax col-
> lector's costs only; and related
> questions?

Your request for an opinion of this department, upon the questions as are herein stated, has been received.

We quote from your letter as follows:

"From the year 1919, through and including the year 1935, the then district attorneys of Navarro County filed with the district clerk of said county delinquent tax suits against the delinquent taxpayers; that is, each year as taxes would become delinquent, the then district attorneys, during the years as mentioned, after notice, filed tax suits to foreclose the tax lien on lands of all of those who were delinquent.

"The petitions were filed with the district clerk, docketed, and citations were only issued in a few cases thereon. Many of them, however, of which no service was ever obtained, and many of which were never reduced to final judgment. The fees earned by the then district attorney, district clerk and sheriff, if he served process thereon, from the year 1919 through the year 1929, were not

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

fees of office. The fees earned by the then officials after the year 1929 through the year 1935 were fees of office.

"That, at the present time, there is approximately 30,000 delinquent tax suits against delinquent taxpayers

"Question No. 1:  Can the commissioners court of Navarro County enter its order instructing the tax collector to issue proper redemption receipts for delinquen taxes due Navarro County, upon payment by the delinquent taxpayer of the delinquent taxes, penalties, interest an tax collector's costs only.  In other words can the commissioners court remit fees in delinquent tax suits due former county officials, whether they be fees of offic or fees that are required to be accounted for.

"Question No. 2:  In the event that the commission court enters an order remitting all costs in delinquent tax suits earned by former officials from the year 1919 through the year 1935, would the county or the tax collector be liable to the former county officials for the cost alleged to be earned by them from the year 1919 through the year 1935.

"Question No. 3:  Would the commissioners court h the power free of liability, for payment of cost, to di its appointed delinquent tax attorney to dismiss delin tax suits which have heretofore been filed against deli quent taxpayers upon the payment to the tax collector o Navarro County of the proper amount for delinquent taxes, penalties, interest and tax collector's cost, due against said property in the absence of the payment of costs due former county officials.

"  .   .   .  "

Article 7324, Vernon's Annotated Civil Statutes, provides in part:

"Whenever any person or persons, firm or corporation shall pay to the Tax Collector all the taxes, interest, penalties and costs shown by the delinquent tax records of the County to be due and unpaid against any tract, lot

Honorable E. Y. Cunningham, page 3

or parcel of land for all the years for which taxes may be shown to be due and unpaid, prior to the institution of suit for the collection thereof, the Tax Collector shall issue to such person or persons, firm or corporation, a receipt covering such payment as is now required by law."

Article 7332, Vernon's Annotated Civil Statutes, provides in part as follows:

"The County or District Attorney shall represent the State and County in all suits against delinquent taxpayers and all sums collected shall be paid over immediately to the County Collector."

Then follows specific provisions enumerating the fees of the County or District Attorney, Sheriff or Constable, District Clerk or County Clerk. The article then provides as follows:

". . .

"In case the delinquent taxpayers shall pay to the collector the amount of delinquent taxes for which he is liable, together with accrued interest, after the filing of suit before judgment is taken against him in the case, then only one-half of the fees taxable in such a case as provided for herein shall be charged against him."

It will be noted that Article 7324, supra, requires the Tax Collector to issue a redemption certificate or receipt upon the payment of all taxes, etc., "shown by the delinquent tax records . . . prior to the institution of suit for the collection thereof." Article 7332, supra, provides that where payment is made to the collector "after the filing of suit before judgment is taken" in the case, only half fees shall be charged, as costs in the case.

Article 7333, Vernon's Annotated Civil Statutes, expressly provides that in each case such fees, meaning the fees provided for in Article 7332, supra, shall be taxed as costs against the lands, etc., but "in no case shall the state or county be liable therefor." See GRANT vs. ELLIS, 50 S.W. (2d) 1093.

We quote from the case of Grant vs. Ellis, supra, as follows:

"The record before us shows that on, before, and after October 4, 1926, the county attorney of Burleson County, Texas, acting on instructions from the county, filed 1044 suits for delinquent taxes against numerous parties. Ellis, who was district clerk of the county, discharged the duties required of him by law in filing such suits and issuing process thereon. He would have earned certain fees had the suits resulted in judgments for the state. After the above suits were filed, the county made a contract with certain parties to collect its delinquent taxes, and in such contract agreed to dismiss the instant suits.

"In conformity with the above contract, the county ordered the county attorney to dismiss the suits. Acting on such order, the county attorney appeared in the district court and moved the court to dismiss all of the above mentioned tax suits. Acting on the motion of the county attorney, the district court entered its order and decree in each and all of the above suits dismissing the same, and in such orders adjudged all costs and fees taxed as costs, involved therein against Burleson county, and further ordered that the officers entitled thereto should make out their respective accounts against the county and file the same, together with a certified copy of the judgments with the commissioners' court. . . ."

In the above mentioned case it was held that judgment adjudging costs against the county and dismissing the original tax suits was void and prohitibed by statutes and formed no basis for a valid claim for fees by the clerk of the district court against the county.

It is apparent that under the above mentioned case of Grant vs. Ellis the fees provided for officers enumerated in Article 7332, supra, are not earned by such officers until the suits result in judgment for the State. Unless the delinquent taxpayers shall pay to the collector the amount of delinquent taxes for which he is liable, together with the accrued interest, after the filing of suit before judgment is taken against him in the case, then only one-half the fees taxable in such a case as provided for shall be charged against him.

Honorable E. Y. Cunningham, page 5

Article V, Section 18, of the Constitution provides that the county commissioners' court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the state, or as may be hereinafter prescribed." Under this section of the Constitution it has been held and firmly established that commissioners' courts can exercise only such powers as the Constitution itself or the legislature has conferred upon them specifically or by necessary implication. BLAND vs. ORR, 39 S. W. 558; SLAUGHTER vs. HARTMAN COMPANY, 139 S. W. 662; Ex Parte THOMAS, 2 S. W. (2d) 270; LANDMAN vs. STATE, 97 S. W. (2d) 264.

In the Bland vs. Orr case, supra, it was held that a commissioners' court had no power to compromise a debt of a defaulting county treasurer by accepting a deed to land from a surety on his bond.

In Ex Parte Thomas, supra, it was held that a commissioners' court could not remit a fine inflicted for aggravated assault.

In view of the foregoing facts and the authorities mentioned above, in reply to your first question you are respectfully advised that it is the opinion of this department that the commissioners' court of Navarro County cannot legally enter its order instructing the tax collector to issue proper redemption receipts for delinquent taxes due Navarro County upon payment by the delinquent taxpayer of delinquent taxes, penalties, interest and tax collector's costs only, in all those cases resulting in final judgment in favor of the State nor in cases still pending in court.

Considering the manner in which we have answered your first question, it necessarily follows that your second question becomes moot and requires no answer.

With reference to your third question you are advised that the commissioners court doesnot have the power or legal authority to direct its appointed delinquent tax attorney to dismiss delinquent tax suits which have heretofore been filed against delinquent taxpayers upon the payment to the tax collector of Navarro County of the proper amount for delinquent taxes, penalties, interest and tax collector's costs, due against said property in the absence of the payment of costs

Honorable E. Y. Cunningham, page 6

due former county officials in any case that has been reduced to final judgment, nor to dismiss any case still pending in the court. However, the present district or county attorney, acting either independently or with the delinquent tax attorney and the commissioners' court, may dismiss or take non-suit in any case now pending. Where said delinquent tax suits have been dismissed or non-suit taken, as above stated, the tax collector of Navarro County would be authorized upon the payment of the proper amount for delinquent taxes, penalties, interest and tax collector's costs due against said property to issue proper receipts therefor.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:AMM

